**UNITED STATES BANKRUPTCY COURT**
1300 CLAY STREET, SUITE 300
OAKLAND CA 94612
(510) 879-3594

*FILED*

*MAY 1 6 2007*

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

05/14/07

Richard W. Wieking, Clerk
United States District Court
450 Golden Gate Ave.
P. O. Box 36060
San Francisco CA 94102

IC 07    2604

Re: Case Name: John T. Kendall v. Stephen M. Moskowitz , Adv. No. 06-4256 AN

*SC*

Dear Mr. Wieking,

Enclosed please find one file folder representing the entire above referenced adversary proceeding case. Also included is a copy of the docket. Document 14 is an *Order Recommending Withdrawal of Reference of Adversary Proceeding,* in accordance with B.L.R 9015-2(b).

Pursuant to B.L.R. 5011-2(b)and (c), I am transmitting these documents for the purpose of assignment to a District Court Judge.

Please provide an acknowledgment of receipt and assignment of case number, if appropriate, by returning a copy of this letter.

Very truly yours,

Phyllis L. Wright

PLW

enc.

APFeeDeferred

## U.S. Bankruptcy Court
## Northern District of California (Oakland)
## Adversary Proceeding #: 06-04256
### Internal Use Only

*Assigned to:* Judge Randall J. Newsome
*Related BK Case:* 04-46921
*Related BK Title:* Moskowitz and Nixdorf
*Related BK Chapter:* 7
*Demand:* $955000

*Date Filed:* 11/20/06

*Nature[s] of Suit:*  12 Recovery of money/property - 547 preference

         13 Recovery of money/property - 548 fraudulent transfer

**Plaintiff**
-----------------------

**John T. Kendall,** *Trustee*
2411 Santa Clara Ave. #12
Alameda, CA 94501

represented by **Elizabeth Murphy**
Stromsheim and Associates
201 California St. #350
San Francisco, CA 94111
(415) 989-4100
Email: emurphy@stromsheim.com
*LEAD ATTORNEY*

**Reidun Stromsheim**
Law Offices of Stromsheim and Assoc.
201 California St. #350
San Francisco, CA 94111
(415)989-4100
Email: rstromsheim@stromsheim.com

V.

**Defendant**
-----------------------

**Stephen M. Moskowitz**
Moskowitz & Ciu LLP
180 Montgomery Street, #1950
San Francisco, CA 94104

represented by **Michael D. Cooper**
Wendel, Rosen, Black and Dean
1111 Broadway 24th Fl.
P.O. Box 2047
Oakland, CA 94604-2047
(510) 834-6600
Email: mcooper@wendel.com

**Filing Date**     **#**

**Docket Text**

| 11/20/2006 | 🌐1 | Adversary case 06-04256. 12 (Recovery of money/property - 547 preference), 13 (Recovery of money/property - 548 fraudulent transfer). Complaint by John T. Kendall against Stephen M. Moskowitz. Fee Tentatively Deferred, Application to be Filed. (Attachments: # 1 AP Cover Sheet # 2 Summons to be Issued) (Murphy, Elizabeth) Modified on 11/21/2006 CHANGED THE DEMAND AMOUNT TO THE NEAREST THOUSANDS FROM $954000 TO $955000.(jaw, ). (Entered: 11/20/2006) |
|---|---|---|
| 11/20/2006 | 🌐2 | Application to Defer Fee *for Complaint* Filed by Plaintiff John T. Kendall (RE: related document(s)1 Complaint, filed by Plaintiff John T. Kendall). (Murphy, Elizabeth) (Entered: 11/20/2006) |
| 11/21/2006 | 🌐3 | Order Granting Application to Defer Payment (Related Doc # 2) (jaw, ) (Entered: 11/21/2006) |
| 11/22/2006 | 🌐4 | Document: *Request for Special Notice.* Filed by Plaintiff John T. Kendall (Attachments: # 1 Certificate of Service) (Murphy, Elizabeth) Modified on 11/27/2006 INCORRECT DOCKET EVENT SELECTED.(jaw, ). (Entered: 11/22/2006) |
| 11/22/2006 | 🌐5 | Order Regarding Initial Disclosures and Discovery Conference . (Attachments: # 1 BDRP# 2 Notice to Plaintiff) (jaw, ) (Entered: 11/22/2006) |
| 11/22/2006 | 🌐6 | Summons Issued on Stephen M. Moskowitz Answer Due 12/22/2006. Status Conference to be held on 1/10/2007 at 09:30 AM at Oakland Room 220 - Newsome. (jaw, ) (Entered: 11/22/2006) |
| 11/23/2006 | 🌐7 | BNC Certificate of Mailing - Electronic Order (RE: related document(s)3 Order on Application to Defer Fee). Service Date 11/23/2006. (Admin.) (Entered: 11/23/2006) |
| 11/27/2006 | 🌐 | **ERROR** INCORRECT DOCKET EVENT SELECTED. CORRECTION IS REQUIRED. PLEASE USE REQUEST FOR NOTICE.(RE: related document(s)4 Document filed by Plaintiff John T. Kendall). (jaw, ) (Entered: 11/27/2006) |
| 11/27/2006 | 🌐8 | Summons Service Executed on Stephen M. Moskowitz 11/27/2006 . (Murphy, Elizabeth) (Entered: 11/27/2006) |
| 12/21/2006 | 🌐9 | Stipulation, for Extension of Time to File Answer and to Continue Status Conference Filed by Plaintiff John T. Kendall. (Attachments: # 1 Certificate of Service) (Stromsheim, Reidun) (Entered: 12/21/2006) |
| 01/02/2007 | 🌐10 | Order Approving Stipulation for Extension of Time to File answer and Continuing Status Conference (RE: related document(s)9 Stipulation for Miscellaneous Relief filed by Plaintiff John T. Kendall, 6 Summons Issued). Status Conference to be held on 2/14/2007 at 9:30 AM Oakland Room 220 - Newsome for 6, (jaw, ) (Entered: 01/04/2007) |
| 01/06/2007 | 🌐11 | BNC Certificate of Mailing - Electronic Order (RE: related document(s)10 Order to Continued Hearing, ). Service Date 01/06/2007. (Admin.) (Entered: 01/06/2007) |

| 02/14/2007 | ○ | Hearing Held 02/14/07 MINUTES OF PROCEEDINGS: STATUS CONFERENCE CONTINUED TO 05/09/07 AT 9:30 AM. THE PARTIES HAVE BEEN TALKING, THE ATTORNEY FOR DEFT'S HAS DEALT WITH THE AMOUNTS LISTED IN THE COMPLAINT; THE ATTORNEY FOR PLF. LISTED MINIMUM AMOUNTS IN THE COMPLAINT, THE PLF. WANTS AND WILL ASK THE DEFT. FOR AN EXPLANATION OF REIMBURSEMENTS OF ALLEGED EXPENSES OF APPROX. 600,000 FOR EACH DEFT. THE DEFT HAS NOT FILED AN ANSWER AND REQUEST CONTINUANCE TO CONTINUED TO WORK WITH PLF. ATTORNEY, THE DEFT HAS PROVIDED PLF WITH BREAKDOWN OF WHAT WAS THOUGHT TO BE THE NUMBER RELATING TO AVOIDANCES. THE DEFT REQUEST MORE DETAILS. ANSWER WITHIN 60 DAYS. DMP. (RE: 1 Adversary case 06-04256. 12 (Recovery of money/property - 547 preference), 13 (Recovery of money/property - 548 fraudulent transfer). Complaint by John T. Kendall against Stephen M. Moskowitz. (Murphy, Elizabeth) Modified on 11/21/2006 CHANGED THE DEMAND AMOUNT TO THE NEAREST THOUSANDS FROM $954000 TO $955000.(jaw, ) (Entered: 02/14/2007) |
| 04/16/2007 | ○ 12 | Answer to Complaint Filed by Stephen M. Moskowitz. (Attachments: # 1 Certificate of Service)(Cooper, Michael) (Entered: 04/16/2007) |
| 05/09/2007 | ○ 13 | Hearing Held 05/09/07 MINUTES OF PROCEEDINGS: REQUEST FOR JURY TRIAL IN DISTRICT COURT. THE COURT TO PREPARE A SUGGESTION OF WITHDRAWAL OF THE REFERENCE: DMP. (RE: related document(s)1 Adversary case 06-04256. 12 (Recovery of money/property - 547 preference), 13 (Recovery of money/property - 548 fraudulent transfer). Complaint by John T. Kendall against Stephen M. Moskowitz. Fee Tentatively Deferred, Application to be Filed. (Attachments: # (1) AP Cover Sheet # (2) Summons to be Issued) (Murphy, Elizabeth) Modified on 11/21/2006 CHANGED THE DEMAND AMOUNT TO THE NEAREST THOUSANDS FROM $954000 TO $955000.(jaw, )., 6 Summons Issued on Stephen M. Moskowitz Answer Due 12/22/2006. Status Conference to be held on 1/10/2007 at 09:30 AM at Oakland Room 220 - Newsome. (jaw, )). (Entered: 05/09/2007) |
| 05/11/2007 | ○ 14 | Order Recommending Withdrawal of Reference . (pw, ) (Entered: 05/14/2007) |
| 05/14/2007 | ○ 15 | Transmittal Letter (RE: related document(s)14 Order Withdrawing Reference). (pw, ) (Entered: 05/14/2007) |

**Entered on Docket**
**May 14, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed: May 11, 2007**

_____
**RANDALL J. NEWSOME**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

|  |  |
|---|---|
| In re Moskowitz and Nixdorf, LLP | Case No. 04-46921 |
| Debtor. | Chapter 7 |
| John T. Kendall, Chapter 7 Trustee, |  |
| Plaintiff, |  |
| v. | Adversary Proceeding 06-4256 AN |
| Stephen M. Moskowitz, |  |
| Defendant. |  |

**ORDER RECOMMENDING WITHDRAWAL OF THE REFERENCE**
**OF ADVERSARY PROCEEDING**

In accordance with 28 U.S.C. §157(d) and (e) and the record established at a May 9, 2007

status conference, the Court finds that a right to a jury trial applies to this proceeding to which the

Defendant does not consent to a jury trial in the bankruptcy court. Accordingly, pursuant to

Bankruptcy Local Rule 5011-2(b) and (c), the Court hereby recommends to the District Court that

reference of the above-captioned adversary proceeding to the Bankruptcy Court be withdrawn and

that this adversary proceeding be assigned to a judge of the District Court.

**IT IS SO ORDERED.**

**\*\*END OF ORDER\*\***

United States Bankruptcy Court

Northern District of California

1                                    COURT SERVICE LIST

2
Elizabeth Murphy
3   Stromsheim and Associates
    201 California St. #350
4   San Francisco, CA 94111

5   Michael D. Cooper
    Wendel, Rosen, Black and Dean
6   1111 Broadway 24th Fl.
    P.O. Box 2047
7   Oakland, CA 94604-2047

8   Office of the U.S. Trustee
    1301 Clay St. #690N
9   Oakland, CA 94612

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Michael D. Cooper (Bar No. 42761)
    Elizabeth Berke-Dreyfuss (Bar No. 114651)
2   **WENDEL, ROSEN, BLACK & DEAN LLP**
    1111 Broadway, 24th Floor
3   Oakland, CA 94607-4036
    Telephone: (510) 834-6600
4   Fax: (510) 834-1928
    Email: mcooper@wendel.com
5
    Attorneys for Defendant
6   Stephen M. Moskowitz

7

8                   UNITED STATES BANKRUPTCY COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          OAKLAND DIVISION

11

12  In Re                                   Case No. 04-46921 RJN
                                            Chapter 7
13  MOSKOWITZ & NIXDORF, LLP fdba
    LAW OFFICES OF STEPHEN M.
14  MOSKOWITZ, LLP; MOSKOWITZ,
    NIXDORF AND BARNHART, LLP;
15  NIXDORF & ASSOCIATES, LLP,

16                      Debtor.

17

18  JOHN T. KENDALL, TRUSTEE,               Adv. Pro. No. 06-4256

19                      Plaintiff,          **CERTIFICATE OF SERVICE**

20  v.

21  STEPHEN M. MOSKOWITZ,

22                      Defendant.

23

24          I, Franne Michaud, declare:

25          I am a citizen of the United States and am employed in Alameda County, California.  I am

26  over the age of eighteen years and not a party to the within-entitled action.  My business address

27  is 1111 Broadway, 24th Floor, Oakland, California 94607-4036.

28  / / /

013462.0001\810058.1    *CERTIFICATE OF SERVICE*    1

1  On April 16, 2007, I served a copy of the following document:

2  **DEFENDANT'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL**

3  **(by mail)** by placing a true and correct copy thereof, enclosed in a sealed envelope with first-class

4  postage thereon fully prepaid, in a designated area for outgoing mail, addressed as set forth

5  below. Mail placed in that designated area is given the correct amount of first class postage and

6  is deposited that same day, in the ordinary course of business, in a United States mailbox in the

7  City of Oakland, California.

8  Reidun Stromsheim, Esq.
9  Stromsheim & Associates
   353 Sacramento Street, Suite 860
10 San Francisco, CA 94111

11 United States Trustee
   1301 Clay Street, Suite 690N
12 Oakland, CA 94612

13 I declare under penalty of perjury that the foregoing is true and correct, and that this

14 declaration was executed on April 16, 2007, at Oakland, California.

15                                    _/s/ Franne Michaud_ ____ _____ _____ ____
16                                       Franne Michaud

17

18

19

20

21

22

23

24

25

26

27

28

*CERTIFICATE OF SERVICE*                    2

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1   Michael D. Cooper (Bar No. 42761)
    Elizabeth Berke-Dreyfuss (Bar No. 114651)

2   **WENDEL, ROSEN, BLACK & DEAN LLP**
    1111 Broadway, 24th Floor

3   Oakland, CA  94607-4036
    Telephone:  (510) 834-6600

4   Fax:  (510) 834-1928
    Email:  mcooper@wendel.com

5

6   Attorneys for Defendant
    Stephen M. Moskowitz

7

8               UNITED STATES BANKRUPTCY COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10                 OAKLAND DIVISION

11

| | |
|---|---|
| 12  In Re | Case No.  04-46921 RJN |
| 13  MOSKOWITZ & NIXDORF, LLP fdba | Chapter 7 |
|      LAW OFFICES OF STEPHEN M. | |
| 14  MOSKOWITZ, LLP; MOSKOWITZ, | |
|      NIXDORF AND BARNHART, LLP; | |
| 15  NIXDORF & ASSOCIATES, LLP, | |
| 16            Debtor. | |
| 17 | |
| 18  JOHN T. KENDALL, TRUSTEE, | Adv. Pro. No. 06-4256 |
| 19           Plaintiff, | **DEFENDANT'S ANSWER TO COMPLAINT** |
| 20  v. | |
| 21  STEPHEN M. MOSKOWITZ, | **DEMAND FOR JURY TRIAL** |
| 22           Defendant. | |

23

24        Comes now, Stephen M. Moskowitz ("Defendant"), the defendant herein, and responds to

25  the Plaintiff John T. Kendall's Complaint for Avoidance and Recovery of Preferential Transfers

26  and/or Fraudulent Transfers, Unlawful Distributions and Disallowance of Claim ("Complaint"):

27  / / /

28  / / /

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA  94607-4036

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURISDICTION**

**1.** Defendant admits the allegations contained in Paragraph 1 of the Complaint.

**2.** Except as to the Sixth Claim for Relief, Defendant admits the allegations contained in Paragraph 2 of the Complaint, and denies that the Sixth Claim for Relief is a core proceeding under 28 U.S.C § 157. Defendant alleges that he did not file a proof of claim in the Debtor's bankruptcy case, and therefore, notwithstanding Defendant's admission of the allegations contained in Paragraph 2 of the Complaint, Defendant does not waive his Seventh Amendment right to a jury trial on all claims raised in the Complaint.

**PRELIMINARY ALLEGATIONS**

**3.** Defendant admits the allegations contained in Paragraphs 3 through 6 of the Complaint.

**FIRST CLAIM FOR RELIEF**

**(Avoidance of Preferential Transfer – 11 U.S.C. § 547)**

**4.** Answering the allegations contained in Paragraph 7 of the Complaint, Defendant incorporates the answers to Paragraphs 1 through 6 of the Complaint as if fully set forth herein.

**5.** Answering Paragraphs 8 through 12 of the Complaint, Defendant admits that transfers were made to or for his benefit, and that Defendant was a partner of the Debtor. Defendant lacks sufficient knowledge or information to fully answer or respond to the remaining allegations contained in Paragraphs 8 through 12 of the Complaint, and on that basis, Defendant denies each of the remaining allegations contained in Paragraphs 8 through 12 of the Complaint.

**6.** Defendant denies the allegations contained in Paragraph 13 of the Complaint.

**7.** Answering Paragraph 14 of the Complaint, Defendant lacks sufficient knowledge or information to fully answer or respond to the allegations contained in Paragraph 14 of the Complaint, and on that basis, Defendant denies each of the allegations contained in Paragraph 14 of the Complaint.

/ / /

/ / /

/ / /

1

2

**SECOND CLAIM FOR RELIEF**

**(Avoidance of Fraudulent Transfers – 11 U.S.C. § 548)**

3          **8.**          Answering the allegations contained in Paragraph 15 of the Complaint, Defendant

4    incorporates the answers to Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

5          **9.**          Answering Paragraph 16 of the Complaint, Defendant admits that transfers were

6    made to or for his benefit. Defendant lacks sufficient knowledge or information to fully answer

7    or respond to each of the remaining allegations contained in Paragraph 16 of the Complaint, and

8    on that basis, Defendant denies each of the remaining allegations contained in Paragraph 16 of the

9    Complaint.

10          **10.**          Defendant denies the allegations contained in Paragraphs 17 through 19 of the

11    Complaint.

12

**THIRD CLAIM FOR RELIEF**

13

**(Fraudulent Conveyance – 11 U.S.C. § 544; Cal. Civ. Code § 3439.04)**

14          **11.**          Answering the allegations contained in Paragraph 20 of the Complaint, Defendant

15    incorporates the answers to Paragraphs 1 through 19 of the Complaint as if fully set forth herein.

16          **12.**          Answering Paragraph 21 of the Complaint, Defendant admits that transfers were

17    made to or for his benefit. Defendant lacks sufficient knowledge or information to fully answer

18    or respond to the remaining allegations contained in Paragraph 21 of the Complaint, and on that

19    basis, Defendant denies each of the remaining allegations contained in Paragraph 21 of the

20    Complaint.

21          **13.**          Defendant denies the allegations contained in Paragraphs 22 through 25 of the

22    Complaint.

23

**FOURTH CLAIM FOR RELIEF**

24

**(Fraudulent Conveyance – 11 U.S.C. § 544; Cal. Civ. Code § 3439.05)**

25          **14.**          Answering the allegations contained in Paragraph 26 of the Complaint, Defendant

26    incorporates the answers to Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27          **15.**          Defendant denies the allegations contained in Paragraphs 27 through 29 of the

28    Complaint.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th floor
Oakland CA 94607-4036

*DEFENDANT'S ANSWER TO COMPLAINT*          3
    *DEMAND FOR JURY TRIAL*

1

**FIFTH CLAIM FOR RELIEF**

2

**(Recovery of Money – 11 U.S.C. § 550)**

3 **16.** Answering the allegations contained in Paragraph 30 of the Complaint, Defendant

4 incorporates the answers to Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

5 **17.** Answering Paragraph 31 of the Complaint, Defendant admits the allegations

6 contained in Paragraph 31 of the Complaint, except that Defendant denies that the transfers to

7 Defendant, if any, as contained in the Complaint, are avoidable.

8

**SIXTH CLAIM FOR RELIEF**

9

**(For California Corporations Code Statutory Liability; Unlawful Distributions)**

10 **18.** Answering the allegations contained in Paragraph 32 of the Complaint, Defendant

11 incorporates the answers to Paragraphs 1 through 31 of the Complaint as if fully set forth herein.

12 **19.** Answering the allegations contained in Paragraph 33 of the Complaint, Defendant

13 admits that he was a partner of the Debtor. Except as expressly admitted, Defendant denies each

14 of the remaining allegations contained in Paragraph 33 of the Complaint.

15 **20.** Defendant denies the allegations contained in Paragraphs 34 through 36 of the

16 Complaint.

17

**SEVENTH CLAIM FOR RELIEF**

18

**(Objection to Claim – 11 U.S.C. § 502(d))**

19 **21.** Answering the allegations contained in Paragraph 37 of the Complaint, Defendant

20 incorporates the answers to Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

21 **22.** Answering the allegations contained in Paragraph 38 of the Complaint, Defendant

22 has not filed a proof of claim and does not intend to do so, and on that basis, Defendant denies the

23 allegations contained in Paragraph 38 of the Complaint.

24 WHEREFORE, Defendant prays for relief as set forth herein below.

25

**FIRST AFFIRMATIVE DEFENSE**

26 **23.** The Complaint and each claim for relief fail to state a claim against the Defendant

27 upon which relief can be granted.

28 / / /

*DEFENDANT'S ANSWER TO COMPLAINT DEMAND FOR JURY TRIAL* 4

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

1

**SECOND AFFIRMATIVE DEFENSE**

2     **24.**     The transfers at issue may not be avoided because they were substantially

3     contemporaneous exchanges under Bankruptcy Code Section 547(c)(1).

4

**THIRD AFFIRMATIVE DEFENSE**

5     **25.**     The transfers at issue may not be avoided because each transfer was in payment of

6     a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor

7     and the transferee; made in the ordinary course of business or financial affairs of the Debtor and

8     the transferee; and made according to ordinary business terms under Bankruptcy Code Section

9     547(c)(2).

10

**FOURTH AFFIRMATIVE DEFENSE**

11     **26.**     The transfers at issue may not be avoided because Defendant provided new value

12     under Bankruptcy Code Section 547(c)(4).

13

**FIFTH AFFIRMATIVE DEFENSE**

14     **27.**     All claims for relief are barred by applicable statutes of limitation.

15

**SIXTH AFFIRMATIVE DEFENSE**

16     **28.**     Defendant reserves the right to include additional affirmative defenses upon the

17     discovery of facts sufficient to support said defenses.

18     WHEREFORE, Defendant prays that Plaintiff takes nothing by its Complaint, and that

19     Defendant be awarded costs of suit, and such other and further relief as this Court deems proper.

20

**DEMAND FOR JURY TRIAL**

21     Pursuant to the provisions of Rule 38(b) of the Federal Rules of Civil Procedure

22     and Local Rule 3-6, and Bankruptcy Local Rule 1001-2(15), Defendant demands a jury trial on

23     all of the claims for relief set forth in the Complaint.

24     Dated: April 16, 2007                                    WENDEL, ROSEN, BLACK & DEAN LLP

25

26                                                                         By: */s/ Michael D. Cooper*
                                                                                 Michael D. Cooper

27                                                                               Attorneys for Defendant
                                                                                 Stephen M. Moskowitz

28

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

*DEFENDANT'S ANSWER TO COMPLAINT
DEMAND FOR JURY TRIAL*                              5

**Entered on Docket**
**January 04, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1  REIDUN STRØMSHEIM # 104938
   STROMSHEIM & ASSOCIATES          **Signed: January 02, 2007**
2  201 California Street, Suite 350
   San Francisco, California 94111
3  Telephone:    (415) 989-4100
   Fax:          (415) 989-2235
4  rstromsheim@stromsheim.com        **RANDALL J. NEWSOME**
                                     **U.S. Bankruptcy Judge**
5  Attorneys for Trustee,
   JOHN T. KENDALL
6

7

8

9

10              UNITED STATES BANKRUPTCY COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  In re:                              Case No. 04-46921 NK

14  MOSKOWITZ & NIXDORF, LLP            Chapter 7
    fdba Law Offices of Stephen M. Moskowitz,
15  LLP; Moskowitz, Nixdorf and Barnhart, LLP;
    Nixdorf & Associates, LLP
16
17  Tax I.D. # 94-3256679

18            Debtor

19  JOHN T. KENDALL, TRUSTEE,

20            Plaintiff,                 Adv. Proc. No. 06-4256

21  v.

22  STEPHEN M. MOSKOWITZ,

23            Defendant.

24

25      ORDER APPROVING STIPULATION FOR EXTENSION OF TIME
26      TO FILE ANSWER AND CONTINUING STATUS CONFERENCE

27      Based upon the Stipulation by and between plaintiff John T. Kendall, Trustee, and

28  defendant Stephen M. Moskowitz, and good cause appearing,

STROMSHEIM &
ASSOCIATES                              1

1    IT IS HEREBY ORDERED that the Stipulation is approved; and

2    IT IS FURTHER ORDERED that the Defendant may have an additional 30 days from

3    December 22, 2006 in which to file an answer; and

4    IT IS FURTHER ORDERED the status conference is hereby continued from January 10,

5    2007 at 9:30 a.m. to February 14, 2007 at 9:30 a.m.

6    **END OF ORDER**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT SERVICE LIST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

John T. Kendall
2411 Santa Clara Avenue, Suite 12
Alameda, CA 94501

Michael D. Cooper
Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
Oakland, CA 94607

Stephen M. Moskowitz
Moskowitz & Ciu LLP
180 Montgomery Street, #1950
San Francisco, CA 94104

**BAE SYSTEMS**

Bankruptcy Noticing Center
2525 Network Place, 3rd Floor
Herndon, Virginia 20171-3514

# CERTIFICATE OF SERVICE

```
District/off: 0971-4          User: jwakerlin          Page 1 of 1              Date Rcvd: Jan 04, 2007
Case: 06-04256                Form ID: pdfeoapc         Total Served: 3


The following entities were served by first class mail on Jan 06, 2007.
pla          +John T. Kendall,    2411 Santa Clara Ave. #12,    Alameda, CA 94501-4587
             +Machael D. Cooper,   Wendel, Rosen, Black & Dean, LLP,   1111 Braodway, 24th Fl.,
              Oakland, CA 94607-4036
dft          +Stephen M. Moskowitz,   Moskowitz & Ciu LLP,   180 Montgomery Street, #1950,
              San Francisco, CA 94104-4239

The following entities were served by electronic transmission.
NONE.                                                                          TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jan 06, 2007                    Signature: _Joseph Speetjens_

**Entered on Docket**
**January 04, 2007**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1  REIDUN STRØMSHEIM # 104938
   STROMSHEIM & ASSOCIATES
2  201 California Street, Suite 350
   San Francisco, California 94111
3  Telephone:    (415) 989-4100
   Fax:          (415) 989-2235
4  rstromsheim@stromsheim.com

5  Attorneys for Trustee,
   JOHN T. KENDALL

6

7

8

9

**Signed: January 02, 2007**

_____
**RANDALL J. NEWSOME**
**U.S. Bankruptcy Judge**

10              UNITED STATES BANKRUPTCY COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12

13  In re:                                    Case No. 04-46921 NK

14  MOSKOWITZ & NIXDORF, LLP                  Chapter 7
    fdba Law Offices of Stephen M. Moskowitz,
15  LLP; Moskowitz, Nixdorf and Barnhart, LLP;
    Nixdorf & Associates, LLP
16
17  Tax I.D. # 94-3256679

18         Debtor

19  _____

20  JOHN T. KENDALL, TRUSTEE,
                                              Adv. Proc. No. 06-4256
20         Plaintiff,

21  v.

22  STEPHEN M. MOSKOWITZ,

23         Defendant.

24  _____

25      **ORDER APPROVING STIPULATION FOR EXTENSION OF TIME**
        **TO FILE ANSWER AND CONTINUING STATUS CONFERENCE**
26

27      Based upon the Stipulation by and between plaintiff John T. Kendall, Trustee, and

28  defendant Stephen M. Moskowitz, and good cause appearing,

1   IT IS HEREBY ORDERED that the Stipulation is approved; and

2   IT IS FURTHER ORDERED that the Defendant may have an additional 30 days from

3 December 22, 2006 in which to file an answer; and

4   IT IS FURTHER ORDERED the status conference is hereby continued from January 10,

5 2007 at 9:30 a.m. to February 14, 2007 at 9:30 a.m.

6          \*\*END OF ORDER\*\*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                        COURT SERVICE LIST

John T. Kendall
2    2411 Santa Clara Avenue, Suite 12
Alameda, CA 94501

3

Michael D. Cooper
4    Wendel, Rosen, Black & Dean, LLP
1111 Broadway, 24th Floor
5    Oakland, CA 94607

6    Stephen M. Moskowitz
Moskowitz & Ciu LLP
7    180 Montgomery Street, #1950
San Francisco, CA 94104
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  REIDUN STRØMSHEIM # 104938
   ELIZABETH MURPHY # 203340
2  STROMSHEIM & ASSOCIATES
   201 California Street, Suite 350
3  San Francisco, California 94111
   Telephone:    (415) 989-4100
4  Fax:          (415) 989-2235
   emurphy@stromsheim.com
5
   Attorneys for Trustee,
6  JOHN T. KENDALL

7

8

9

10
                    UNITED STATES BANKRUPTCY COURT
11
                    NORTHERN DISTRICT OF CALIFORNIA
12

13

14  In re:                                    Case No. 04-46921 NK

15  MOSKOWITZ & NIXDORF, LLP                  Chapter 7
    fdba Law Offices of Stephen M. Moskowitz,
16  LLP; Moskowitz, Nixdorf and Barnhart, LLP;
    Nixdorf & Associates, LLP
17
    Tax I.D. # 94-3256679
18
            Debtor
19
    _____
20  JOHN T. KENDALL, TRUSTEE,
                                              Adv. Proc. No. 06-4256
21              Plaintiff,

22  v.

23  STEPHEN M. MOSKOWITZ,

24              Defendant.
    _____
25          **STIPULATION FOR EXTENSION OF TIME TO FILE**
26          **ANSWER AND TO CONTINUE STATUS CONFERENCE**

27      COMES NOW, John T. Kendall,  trustee of the above-referenced bankruptcy estate and

28  Plaintiff herein, and Stephen M. Moskowitz, Defendant herein, and agree as follows:

STROMSHEIM &
ASSOCIATES                                    1

1   1.  Whereas the Trustee has filed and served the above adversary proceeding against

2 the Defendant; and

3   2.  Whereas Defendant believes that he has extensive information and receipts that

4 may reduce or eliminate the causes of action alleged in the complaint; and

5   3.  Whereas the Plaintiff has received much of the documentation, and has determined

6 after an initial investigation that the documentation requires a fuller and deeper analysis, which

7 cannot be accomplished by the time that the answer is due, and the status conference is to be held;

8 and

9   4.  Whereas the Plaintiff will be providing documentation to the Defendant to

10 substantiate the claims asserted in the Complaint, and that documentation has not yet been

11 provided;

12   NOW, THEREFORE,

13   A.  Plaintiff and Defendant agree and stipulate that the Defendant may have an

14 additional 30 days in which to file an answer; and

15   B.  The status conference in the above be continued to such date in February as is

16 reasonable to the Court.

17 DATED:  This 21st day of December, 2006.

18         STROMSHEIM & ASSOCIATES

19

20          /s/  Reidun Strømsheim
           Attorneys for Plaintiff,
21          JOHN T. KENDALL, Trustee

22 DATED:  This 20th day of December, 2006
23

24         WENDELL, ROSEN, ET AL

25

26          /s/  Michael D. Cooper
27          Attorneys for Defendant
          STEPHEN MOSKOVITZ

28

1  REIDUN STRØMSHEIM # 104938
   ELIZABETH MURPHY # 203340
2  STROMSHEIM & ASSOCIATES
   201 California Street, Suite 350
3  San Francisco, California 94111
   Telephone:    (415) 989-4100
4  Fax:            (415) 989-2235
   emurphy@stromsheim.com
5
   Attorneys for Trustee,
6  JOHN T. KENDALL

7

8

9

10                UNITED STATES BANKRUPTCY COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13

14  In re:                                    Case No. 04-46921 NK

15  MOSKOWITZ & NIXDORF, LLP                  Chapter 7
    fdba Law Offices of Stephen M. Moskowitz,
16  LLP; Moskowitz, Nixdorf and Barnhart, LLP;
    Nixdorf & Associates, LLP
17
    Tax I.D. # 94-3256679
18
            Debtor
19  ─────────────────────────────────

20  JOHN T. KENDALL, TRUSTEE,
                                              Adv. Proc. No. 06-4256
21          Plaintiff,

22  v.

23  STEPHEN M. MOSKOWITZ,

24          Defendant.

25                **CERTIFICATE OF SERVICE**

26          I am employed in the County of San Francisco, State of California.  I am over the age of

27  eighteen years and not a party to the within case; my business address is 201 California Street,

28  Suite 350, San Francisco, California 94111.  On this day I caused to be served the document(s)

STROMSHEIM &
ASSOCIATES                                    1

1 | listed below:

2 | **1.    STIPULATION FOR EXTENSION OF TIME TO FILE ANSWER AND TO CONTINUE STATUS CONFERENCE**

3 |

4 | **2.    [PROPOSED] ORDER APPROVING STIPULATION FOR EXTENSION OF TIME TO FILE ANSWER AND CONTINUING STATUS CONFERENCE**

5 | on the following parties:

6 | Stephen M. Moskowitz
   Moskowitz & Ciu LLP
7 | 180 Montgomery Street, #1950
   San Francisco, CA 94104
8 |
   Michael D. Cooper
9 | Wendel Rosen, et al
   P.O. Box 2047
10 | Oakland, CA 94604

11 | by placing a true copy thereof enclosed in a sealed envelope with first class postage thereon fully

12 | paid, in my firm's service center/mailing department. I am readily familiar with my firm's

13 | business practices, wherein all correspondence received for processing by the mailing department

14 | will be deposited this day in the U.S. Mail at San Francisco, California, in the ordinary course of

15 | business.

16 | I declare under penalty of perjury that the foregoing is true and correct.

17 | Executed at San Francisco, California, on December 21, 2006.

18 |

19 |                    /s/   Malreen Prasad
                       Malreen Prasad
                       Legal Assistant

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF CALIFORNIA

In re

| | | |
|---|---|---|
| MOSKOWITZ & NIXDORF, LLP<br>fdba Law Offices of Stephen M. Moskowitz,<br>LLP; Moskowitz, Nixdorf and Barnhart, LLP;<br>Nixdorf & Associates, LLP | Debtor | Bankruptcy Case No. 04-46921 NK |

Chapter 7

| | | |
|---|---|---|
| JOHN T. KENDALL, Trustee, | Plaintiff | Adversary Proceeding No. 06-4256 |
| v. | | |
| STEPHEN M. MOSKOWITZ | Defendant | |

### SUMMONS AND NOTICE OF STATUS CONFERENCE
### IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| Address of Clerk | U.S. Bankruptcy Court<br>P.O. Box 2070<br>Oakland, CA 94604 |
|---|---|

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney |
|---|
| Elizabeth Murphy<br>Stromsheim & Associates<br>201 California Street, Suite 350<br>San Francisco, CA 94111 |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a status conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Address | United States Bankruptcy Court<br>1300 Clay Street, 2nd Fl.<br>Oakland, CA 94612 | Room<br>220 |
|---|---|---|
| | | Date and Time<br>1/10/07 @ 9:30 AM |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. PLAINTIFF SHALL PROMPTLY SERVE A COPY OF THE BANKRUPTCY DISPUTE RESOLUTION PROGRAM INFORMATION SHEET ON ALL PARTIES. A COPY OF THE INFORMATION SHEET IS AVAILABLE ON THE COURT'S WEB SITE AT WWW.CANB.USCOURTS.GOV, AND AT THE CLERK'S OFFICE.**

GLORIA L. FRANKLIN

NOV 2 2 2006

Date

By: _____
Clerk of the Bankruptcy Court

Deputy Clerk

1  REIDUN STRØMSHEIM # 104938
   ELIZABETH MURPHY # 203340
2  STROMSHEIM & ASSOCIATES
   201 California Street, Suite 350
3  San Francisco, California 94111
   Telephone:    (415) 989-4100
4  Fax:          (415) 989-2235
   emurphy@stromsheim.com
5
   Attorneys for Trustee,
6  JOHN T. KENDALL

7

8

9

10
                    UNITED STATES BANKRUPTCY COURT
11
                    NORTHERN DISTRICT OF CALIFORNIA
12

13

14  In re:                                      Case No. 04-46921 NK

15  MOSKOWITZ & NIXDORF, LLP                    Chapter 7
    fdba Law Offices of Stephen M. Moskowitz,
16  LLP; Moskowitz, Nixdorf and Barnhart, LLP;
    Nixdorf & Associates, LLP
17
    Tax I.D. # 94-3256679
18
                    Debtor
19

20  JOHN T. KENDALL, TRUSTEE,
                                                Adv. Proc. No. 06-4256
21                  Plaintiff,

22  v.

23  STEPHEN M. MOSKOWITZ,

24                  Defendant.

25                          **CERTIFICATE OF SERVICE**

26      I am employed in the County of San Francisco, State of California.  I am over the age of

27  eighteen years and not a party to the within case; my business address is 201 California Street,

28  Suite 350, San Francisco, California 94111.  On this day I caused to be served the document(s)

STROMSHEIM &
ASSOCIATES                                      1

1  listed below:

2  **1.   SUMMONS AND NOTICE OF STATUS CONFERENCE IN AN ADVERSARY
       PROCEEDING**

3

4  **2.   COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL
       TRANSFERS AND/OR FRAUDULENT TRANSFERS, UNLAWFUL
       DISTRIBUTIONS AND DISALLOWANCE OF CLAIM**

5

6  **3.   ORDER RE INITIAL DISCLOSURES AND DISCOVERY CONFERENCE**

7  **4.   NOTICE**

8  **5.   BDRP INFORMATION SHEET**

   on the following parties:
9
   Stephen M. Moskowitz
10 Moskowitz & Ciu LLP
   180 Montgomery Street, #1950
11 San Francisco, CA 94104

12 by placing a true copy thereof enclosed in a sealed envelope with first class postage thereon fully

13 paid, in my firm's service center/mailing department. I am readily familiar with my firm's

14 business practices, wherein all correspondence received for processing by the mailing department

15 will be deposited this day in the U.S. Mail at San Francisco, California, in the ordinary course of

16 business.

17      I declare under penalty of perjury that the foregoing is true and correct.

18      Executed at San Francisco, California, on November 27, 2006.

19

20                              /s/  Malreen Prasad
                                Malreen Prasad
21                              Legal Assistant

22

23

24

25

26

27

28

Form ODIS

**Entered on Docket**
**November 22, 20**
**GLORIA L. FRANKLIN, CLERK**
**U.S BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

## UNITED STATES BANKRUPTCY COURT
### Northern District of California

In Re:
Moskowitz and Nixdorf                    Case No.: 04-46921 Chapter: 7
Debtor(s)

John T. Kendall
Plaintiff(s)                             Adversary Proceeding No. 06-04256
vs.
Stephen M. Moskowitz
Defendant(s)

### ORDER RE INITIAL DISCLOSURES AND DISCOVERY CONFERENCE

The purpose of this order is: (1) to notify the parties of their obligation under Fed. R. Civ. P. 26, as incorporated by Fed. R. Bankr. P. 7026, to make Initial Disclosures and meet for a Discovery Conference; and (2) to modify those Rule 26 requirements in certain respects. As such, this order has no effect in any proceeding exempted under Rule 26(a)(1)(E) and (f) from the Initial Disclosure and Discovery Conference requirements.

**1. The Discovery Conference.** At least 21 calendar days before the status conference scheduled in the summons, the parties shall confer (in person or by telephone) at a "Discovery Conference." Plaintiff shall initiate contact regarding arrangement of the Discovery Conference. Defendant shall cooperate in fixing the time and place of the Discovery Conference. Except to the extent the parties stipulate otherwise, no party shall initiate or conduct any formal discovery prior to the Discovery Conference. The parties may conduct informal discovery.

**2. Settlement.** At the Discovery Conference, the parties shall consider the nature and basis of their claims and defenses and the possibility of an early settlement. The parties shall also discuss ADR options, as required by B.L.R. 9040-3.

**3. Initial Disclosures.** At the Discovery Conference, the parties shall arrange to make the "Initial Disclosures" required by Rule 26(a), without necessity of a formal discovery request. The Disclosures shall be made at or within 14 calendar days after the Discovery Conference. All disclosures shall be in writing, signed by the party or his or her attorney, and served on all other parties.

**4. Discovery Plan.** Unless:

(a) the proceeding is exempt under Rule 26(f);

(b) the proceeding seeks to recover money or property, or except a debt from discharge pursuant to 11 U.S.C. §523(a), of no more than $15,000, excluding interest, attorneys, fees, and costs; or

(c) the parties stipulate to the contrary in a writing filed with the court; the parties shall, at the Discovery Conference, also develop a written Discovery Plan signed by all parties or their counsel, that reflects the parties' views and proposals concerning: (i) what changes, if any, should be made in the timing, form, or requirements of the Initial Disclosures; (ii) the timing, subject matter, and limitations, if any, of discovery to be conducted after the initial disclosures; and (iii) the subject of any orders that the court should enter under Fed.R.Bankr.P. 7016(b) and (c) and 7026(a)(1). The Discovery Plan shall be filed within 14 calendar days after the Discovery Conference.

**5. Pretrial Disclosures.** Notwithstanding Rule 26(a)(3), pretrial disclosures shall be made in accordance with further order of the court.

**6. Service hereof.** The summons, complaint, and this order shall be served by the plaintiff within 10 days of the date of this order. A return or proof of service shall be filed within 5 days after service.
SO ORDERED.

Dated: 11/22/06                          For the Court:

                                         Gloria L. Franklin
                                         Clerk of Court
                                         United States Bankruptcy Court

I certify that a copy of this Order was returned to the plaintiff at the time the original summons was issued.

Dated: 11/22/06                          Judy Wakerling
                                         Deputy Clerk

**Entered on Docket**
**November 22, 2006**
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

*UNITED STATES BANKRUPTCY COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

BANKRUPTCY DISPUTE RESOLUTION PROGRAM *INFORMATION SHEET*

**IMPORTANT, PLEASE NOTE: THIS INFORMATION SHEET SHOULD BE USED IN COMPLYING WITH THE REQUIREMENT OF B.L.R. 9040-3 TO DISCUSS ALTERNATIVE DISPUTE RESOLUTION WITH CLIENTS.**

The United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court") has established an alternative dispute resolution program known as the Bankruptcy Dispute Resolution Program ("BDRP" or "Program").

This description of the BDRP is being provided to you by the Bankruptcy Court because you are, or may be, a debtor or creditor in a bankruptcy case and/or a party to an adversary proceeding before the Bankruptcy Court, or counsel to a party involved with a bankruptcy case or an adversary proceeding, and may find this Program useful to you. If you are a party to an adversary proceeding, you are required by B.L.R. 9040-3 to discuss available dispute resolution options and consider whether your case might benefit from dispute resolution options, and submit a certification within a specified period of time.

The BDRP offers a means to resolve disputes quickly, at less cost and often without the stress and pressure of litigation. The Program offers a means to utilize the services of a trained Resolution Advocate ("RA") to assist the parties in the resolution of their dispute. The parties choose the method of resolution that best suits their needs. Methods include mediation, negotiation, early neutral evaluation and settlement facilitation, which are discussed below.

MATTERS THAT MAY BE REFERRED TO THE BDRP

The BDRP is available to parties, whether or not represented by counsel, in all controversies arising in adversary proceedings, contested matters or other disputes in a bankruptcy case with a few exceptions.

COST

Page 1 of 4

There is a cost of $100 per side payable directly to the
Resolution Advocate.   That fee may be waived in whole or in
part in the discretion of the RA (for example, if a party
cannot afford the $100 fee).   The RA is expected to provide
parties with a reasonable amount of time attempting to resolve
the dispute pursuant to the BDRP.   It will normally be
appropriate for the RA to discuss with the parties, no later
than the beginning of the mediation, the minimum amount of
time the RA expects to provide as part of the Program.
However, once that period of time has expired, the parties and
the RA may agree that the RA should continue to provide
service to the parties on an hourly basis or on other
financial terms acceptable to the parties.

PROCEDURE FOR REFERRING A MATTER TO THE BDRP

The rules governing the BDRP are found in the Bankruptcy
Local Rules at B.L.R. 9040, et seq.   The rules are available
in the Clerk's office or at the Court's website,
www.canb.uscourts.gov; this Bankruptcy Dispute Resolution
Program Information Sheet and the ADR Certification are also
available on the Court's website.

A matter may be referred to the BDRP by the Court with
the agreement of the parties at any time.   Typically, the
Court refers a matter to the BDRP at a Case Management or
Status Conference or hearing, or the parties may, at any time,
submit a stipulated order requesting that the matter be
referred to the BDRP.   The order should recite that all
parties to the dispute agree to the referral.

The following steps should be taken whether the matter is
referred to the BDRP at a Case Management or Status
Conference, at a hearing, or requested by the parties at
another time:

1.   The parties to the dispute are to confer and select a
RA and an Alternate RA from the monthly lists of
available panel members.   There are separate lists
covering RAs who are willing to serve in each location
(e.g., Oakland, Salinas/Monterey, San Francisco, San Jose
and Santa Rosa). These lists are updated monthly, and are
posted outside the courtroom or may be obtained from the
Courtroom Deputies.   You may also call the BDRP Staff
Administrator, Eddy Emmons, at (415) 268-2395 to check
the availability of one or more of the RAs.   Your

selection of an RA and Alternate should be made **only** from
the monthly lists.  A complete list of all panel members,
including short biographies, is provided for reference in
the Clerk's office at the intake counter.  In addition,
all BDRP information is provided on the Court's web site
at www.canb.uscourts.gov.

2.  The parties should agree on who is to complete the
Order Appointing Resolution Advocate, and provide two
copies of it to the court for signature, together with a
stamped return envelope addressed to the submitting
party.

3.  The BDRP has been designed to be a streamlined
procedure; therefore, upon receipt of the signed order,
the submitting party **must** immediately serve a copy of the
order on the RA, the Alternate, all parties to the
dispute, and to Eddy Emmons at the U.S. Bankruptcy Court,
P.O. Box 7341, San Francisco, CA 94120, by fax at (415)
268-2304, or by email at eddy_emmons@canb.uscourts.gov.

Once the RA receives a copy of the order, he or she will
contact the parties to schedule a conference. The RA, in
conjunction with the parties, will determine a time, place and
format for the conference.  Possible formats are as follows:

Facilitation - Facilitation is a collaborative process in
which the RA functions as a neutral providing information
about the process.  The RA does not make substantive
contributions regarding the merits of the dispute or possible
settlements.  A facilitator helps the parties define the
issues in order to increase the likelihood that the parties
will reach a consensus.

Mediation - Mediation is a flexible non-binding,
confidential process in which a neutral facilitates
negotiations among the parties to help them reach settlement.
The mediator's goals include: improving communication across
party lines, helping parties articulate their interests and
understand those of the their opponent, probing the strengths
and weaknesses of each party's legal positions, helping
identify areas of agreement and generating options for a
mutually agreeable resolution to the dispute.  The mediator
generally does not give an overall evaluation of the case.  A
hallmark of mediation is its capacity to expand traditional

settlement discussion and broaden resolution options often by going beyond the legal issues in the controversy.

   Early Neutral Evaluation - In Early Neutral Evaluation the parties and their counsel, in a confidential session, present summaries of their cases and receive a non-binding assessment by an experienced neutral professional with subject-matter expertise.  The evaluator also helps identify areas of agreement, provides case-planning guidance and, if requested by the parties, settlement assistance.

   All of the above are **non-binding**, **voluntary**, and **confidential**.  Other processes and procedures, with the exception of arbitration, may used by agreement and at the discretion of the parties and the RA.

   If you have any questions, please contact the BDRP Staff Administrator, Eddy Emmons, at (415) 268-2395.

**Entered on Docket**
**November 22, 2006**
**GLORIA L. FRANKLIN, CLERK**
**U.S BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## NOTICE

## PLAINTIFF IS REQUIRED TO SERVE A COPY OF THIS NOTICE TO ALL PARTIES.

## PLAINTIFF IS ALSO REQUIRED TO SERVE A COPY OF THE BANKRUPTCY DISPUTE RESOLUTION PROGRAM INFORMATION SHEET ON ALL PARTIES.

The Information Sheet is available at the clerk's office and on the court's web site.

1.  DISMISSAL may be ordered at the Status Conference if the plaintiff fails to appear.

2.  DEFAULT may be entered against defendant of plaintiff's request, if plaintiff files a proof of service and defendant fails to file timely an answer or a responsive motion, and appear at the Status Conference. If appropriate, a default hearing may be set at the Status Conference. Relief from default may be granted only on stipulation or after hearing on noticed motion.

3.  MEET AND CONFER The parties are required to meet and confer at least once before the scheduled Status Conference to discuss settlement of the Adversary Proceeding. The parties shall be prepared to represent to the Court at the Status Conference that they have complied with this requirement unless good cause exists for their failing to do so. At the Status Conference, the Court may direct the parties to conduct further settlement negotiations prior to setting the Adversary Proceeding for trial.

4.  MOTIONS The parties will be expected to comply with BLR 9013-1 of the Local Rules of the Local Rules of the U.S. District Court for the Northern District of California. The notices hearing date and time shall appear on the cover page of each motion, opposition, reply and all supporting papers in accordance with BLR 1005-1. An extra copy of each paper, marked "copy", "Judge's copy" or "Law Clerk copy" in the upper right corner shall be lodged with the Clerk pursuant to BLR 1002-2 at the time the original is submitted.

5.  ORDERS after contested hearing or trials, that is, no stipulations or defaults, will not be considered by the Court unless the non-prevailing party has approved it as to form or the proposed order is served on the non-prevailing party, the proof of service is filed with the Clerk and the Clerk has lodged the order for seven (7) calendar days. See BLR 9021-1.

6.  CALENDAR CLERKS TELEPHONE NUMBERS:

| | | |
|---|---|---|
| Ruby Bautista | Judge Edward D. Jellen | 879-3529 |
| Hanka Boudreau | Judge Leslie Tchaikovsky | 879-3541 |
| Dianna Passadore | Judge Randall J. Newsome | 879-3533 |

rev. 11/30/04

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

In re

MOSKOWITZ & NIXDORF, LLP                    **Debtor**        Bankruptcy Case No. 04-46921 NK
fdba Law Offices of Stephen M. Moskowitz,
LLP; Moskowitz, Nixdorf and Barnhart, LLP;
Nixdorf & Associates, LLP

                                                              Chapter 7

JOHN T. KENDALL, Trustee,                   **Plaintiff**     Adversary Proceeding No. 06-4256

    v.

STEPHEN M. MOSKOWITZ                        **Defendant**

## SUMMONS AND NOTICE OF STATUS CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| Address of Clerk | U.S. Bankruptcy Court<br>P.O. Box 2070<br>Oakland, CA 94604 |
|---|---|

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney |
|---|
| Elizabeth Murphy<br>Stromsheim & Associates<br>201 California Street, Suite 350<br>San Francisco, CA  94111 |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a status conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Address | United States Bankruptcy Court<br>1300 Clay Street, 2nd Fl.<br>Oakland, CA 94612 | Room<br>220 |
|---|---|---|
| | | Date and Time<br>1/10/07 @ 9:30 A.M. |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. PLAINTIFF SHALL PROMPTLY SERVE A COPY OF THE BANKRUPTCY DISPUTE RESOLUTION PROGRAM INFORMATION SHEET ON ALL PARTIES.  A COPY OF THE INFORMATION SHEET IS AVAILABLE ON THE COURT'S WEB SITE AT WWW.CANB.USCOURTS.GOV, AND AT THE CLERK'S OFFICE.**

GLORIA L. FRANKLIN

Clerk of the Bankruptcy Court

NOV 2 2 2006
_____
Date

By: _____
Deputy Clerk

1   REIDUN STRØMSHEIM # 104938
    ELIZABETH MURPHY # 203340
2   STROMSHEIM & ASSOCIATES
    201 California Street, Suite 350
3   San Francisco, California  94111
    Telephone:    (415) 989-4100
4   Fax:          (415) 989-2235
    emurphy@stromsheim.com
5
    Attorneys for Trustee,
6   JOHN T. KENDALL

7

8

9

10              UNITED STATES BANKRUPTCY COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13

14  In re:                              Case No. 04-46921 NK

15  MOSKOWITZ & NIXDORF, LLP            Chapter 7
    fdba Law Offices of Stephen M. Moskowitz,
16  LLP; Moskowitz, Nixdorf and Barnhart, LLP;
    Nixdorf & Associates, LLP
17
    Tax I.D. # 94-3256679
18
            Debtor
19
    _____
20  JOHN T. KENDALL, TRUSTEE,
                                        Adv. Proc. No. 06-4256
21              Plaintiff,

22  v.

23  STEPHEN M. MOSKOWITZ,

24              Defendant.
    _____
25              <u>**REQUEST FOR SPECIAL NOTICE**</u>

26  **TO THE HONORABLE RANDALL J. NEWSOME, THE DEBTOR AND ALL OTHER**
    **INTERESTED PARTIES:**
27

28          PLEASE TAKE NOTICE that John T. Kendall, the duly appointed chapter 7 trustee in the

1   above-referenced case and Plaintiff herein ("Trustee"), hereby requests that he receive notice of

2   all pleadings and matters in the above entitled adversary proceeding, to be sent to the address set

3   forth below:

4                           John T. Kendall
                            Chapter 7 Panel Trustee
5                           2411 Santa Clara Avenue, Suite 12
                            Alameda, CA 94501
6

7

8   DATED:        This 21st day of November, 2006.

9                                           STROMSHEIM & ASSOCIATES

10                                              /s/Elizabeth Murphy

11                                          _____
                                            ELIZABETH MURPHY
12                                          Attorneys for Plaintiff,
                                            JOHN T. KENDALL, Trustee
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Entered on Docket
November 21, 200L
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



1  REIDUN STRØMSHEIM # 104938
   ELIZABETH MURPHY # 203340

2  STROMSHEIM & ASSOCIATES
   201 California Street, Suite 350

3  San Francisco, California  94111
   Telephone:    (415) 989-4100

4  Fax:          (415) 989-2235
   emurphy@stromsheim.com

5
   Attorneys for Trustee,

6  JOHN T. KENDALL

7

8

9

Signed: November 21, 2006

RANDALL J. NEWSOME
U.S. Bankruptcy Judge

10              UNITED STATES BANKRUPTCY COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13

14  In re:                                   Case No. 04-46921 NK

15  MOSKOWITZ & NIXDORF, LLP                 Chapter 7
    fdba Law Offices of Stephen M. Moskowitz,

16  LLP; Moskowitz, Nixdorf and Barnhart, LLP;
    Nixdorf & Associates, LLP

17  Tax I.D. # 94-3256679

18          Debtor

19  _____

20  JOHN T. KENDALL, TRUSTEE,
                                             Adv. Proc. No. 06-4256

21          Plaintiff,

22  v.

23  STEPHEN M. MOSKOWITZ,

24          Defendant.

25  _____

        **ORDER RE DEFERRAL OR WAIVER OF**
26      **ADVERSARY PROCEEDING FILING FEE**

27      The application by John T. Kendall, ("Trustee"), trustee of the above bankruptcy estate,

28  requesting an order deferring the payment of the fee for filing a complaint against Steven M.

1  Moskowitz having been presented to this Court, adequate notice thereof having been given, and

2  good cause appearing, therefore

3      IT IS HEREBY ORDERED that the filing fee for the above named adversary proceeding

4  is deferred; and

5      IT IS FURTHER ORDERED that if plaintiff as trustee recovers or obtains any funds for

6  the bankruptcy estate, the trustee shall immediately pay the deferred filing fee to the Bankruptcy

7  Court Clerk's Office.   The fee shall be paid on the same basis as an allowed administrative claim.

8  If funds in the estate are insufficient to pay all administrative expense in full, the deferred filing

9  fee should be paid pro rata with other allowed administrative expenses; and

10      IT IS FURTHER ORDERED THAT if the plaintiff as trustee is unable to recover any

11  funds for the bankruptcy estate, then upon filing of the No Asset Report, the deferred filing fee

12  shall be waived.

13                              **END OF ORDER**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                    COURT SERVICE LIST

2     John T. Kendall
      2411 Santa Clara Avenue, Suite 12
3     Alameda, CA 94501

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  REIDUN STRØMSHEIM # 104938
   ELIZABETH MURPHY # 203340
2  STROMSHEIM & ASSOCIATES
   201 California Street, Suite 350
3  San Francisco, California 94111
   Telephone:   (415) 989-4100
4  Fax:         (415) 989-2235
   emurphy@stromsheim.com
5
   Attorneys for Trustee,
6  JOHN T. KENDALL

7

8

9

10
                    UNITED STATES BANKRUPTCY COURT
11
                    NORTHERN DISTRICT OF CALIFORNIA
12

13

14  In re:                                Case No. 04-46921 NK

15  MOSKOWITZ & NIXDORF, LLP              Chapter 7
    fdba Law Offices of Stephen M. Moskowitz,
16  LLP; Moskowitz, Nixdorf and Barnhart, LLP;
    Nixdorf & Associates, LLP
17
    Tax I.D. # 94-3256679
18
            Debtor
19
20  JOHN T. KENDALL, TRUSTEE,
                                          Adv. Proc. No. 06-4256
21          Plaintiff,

22  v.

23  STEPHEN M. MOSKOWITZ,

24          Defendant.

25  **TRUSTEE'S APPLICATION FOR DEFERRAL OF FILING FEE FOR COMPLAINT**

26  TO THE HONORABLE CHIEF JUDGE RANDALL J. NEWSOME, UNITED STATES

27  BANKRUPTCY JUDGE:

28      John T. Kendall ("Trustee"), trustee of the above bankruptcy estate, respectfully requests

1   an order deferring the payment of the fee for filing a complaint against Steven M. Moskowitz

2   ("Defendant").  In support thereof, the Trustee represents as follows:

3       1.      An Order for relief under Chapter 7 of Title 11 of the United States Code was

4   entered herein pursuant to a voluntary petition filed by the Debtor on December 30, 2004, and

5   John T. Kendall is the duly appointed, qualified and acting trustee of the Debtor's estate.

6       2.      The primary assets of the estate are claims against the Debtor's partners for

7   avoidance and recovery of preferential and/or fraudulent transfers and for unlawful distributions.

8   The Trustee wishes to file a complaint against Defendants to recover these assets.   There are

9   currently no funds in the estate, and the Trustee is unable to pay the filing fee for the complaint

10  referenced herein.

11      3.      If plaintiff as trustee recovers or obtains any funds for the bankruptcy estate, the

12  trustee will immediately pay the deferred filing fee to the Bankruptcy Court Clerk's Office.  The

13  fee shall be paid on the same basis as an allowed administrative claim.  If funds in the estate are

14  insufficient to pay all administrative expenses in full, the Trustee will pay the deferred filing fee

15  pro rata with other allowed administrative expenses.

16      4.      If the plaintiff as trustee is unable to recover any funds for the bankruptcy estate,

17  Applicant requests that upon filing of the No Asset Report, the deferred filing fee be waived.

18      WHEREFORE, the Trustee requests the entry of an order deferring the $250.00 filing fee

19  for the above-referenced complaint, and waiving that part of the fee that may not receive payment,

20  after a pro-rata distribution of all approved administrative funds.

21

22  DATED:      This 17th day of November, 2006.

23                          STROMSHEIM & ASSOCIATES

24

25                          /s/Elizabeth Murphy

26                          _____
                            ELIZABETH MURPHY
                            Attorneys for Trustee,
27                          JOHN T. KENDALL

28

REIDUN STRØMSHEIM # 104938
ELIZABETH MURPHY # 203340
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone:    (415) 989-4100
Fax:            (415) 989-2235
emurphy@stromsheim.com

Attorneys for Trustee,
JOHN T. KENDALL

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 04-46921 NK |
| MOSKOWITZ & NIXDORF, LLP<br>fdba Law Offices of Stephen M. Moskowitz,<br>LLP; Moskowitz, Nixdorf and Barnhart, LLP;<br>Nixdorf & Associates, LLP | Chapter 7 |
| Tax I.D. # 94-3256679 | |
| Debtor | |
| JOHN T. KENDALL, TRUSTEE, | |
| Plaintiff, | Adv. Proc. No. _____ |
| v. | |
| STEPHEN M. MOSKOWITZ, | |
| Defendant. | |

## COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS AND/OR FRAUDULENT TRANSFERS, UNLAWFUL DISTRIBUTIONS AND DISALLOWANCE OF CLAIM

COMES NOW, John T. Kendall, trustee of the above-referenced bankruptcy estate, and

1   alleges in the alternative as follows:

2   ## JURISDICTION

3       1.      Jurisdiction over this action exists pursuant to 28 U.S.C. § 157 and 28 U.S.C. §

4   1334, and venue is proper pursuant to 28 U.S.C. § 1409.

5       2.      This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157.

6   ## PRELIMINARY ALLEGATIONS

7       3.      An Order for relief under Chapter 7 of Title 11 of the United States Code was

8   entered herein pursuant to a voluntary petition filed by the Debtor on December 30, 2004.

9       4.      John T. Kendall ("Plaintiff" or "Trustee") is the duly appointed, qualified and

10  acting trustee of the Chapter 7 estate.

11      5.      The Debtor is registered as a limited liability partnership in the State of California.

12      6.      The Plaintiff is informed and believes that Defendant Stephen M. Moskowitz

13  ("Defendant") is an individual residing in the state of California and is a former partner of the

14  Debtor with a 60% interest in the Debtor.

15  ## FIRST CLAIM FOR RELIEF
    ### (Avoidance of Preferential Transfer - 11 U.S.C. § 547)

16
17      7.      Plaintiff incorporates by reference each and every allegation in the paragraphs

    above, as though fully set forth herein.
18
19      8.      Within one year of the Petition Date, the Debtor made transfers to or for the benefit

    of Defendant in amounts of at least $265,422.07 and other sums according to proof.
20
21      9.      At the time that the transfers were made, the Defendant was an insider of the

    Debtor.
22
23      10.     The funds transferred were the property of the Debtor.

24      11.     The Defendant was a creditor of the Debtor.

25      12.     Upon information and belief, the transfers were made on account of antecedent

    debts owed by the Debtor to Defendant.
26
27      13.     The transfers were made while the Debtor was insolvent.

28      14.     The transfers enabled Defendant to receive more than he would have received

    under a Chapter 7 liquidation if the transfers had not been made.

WHEREFORE, Plaintiff seeks relief as set forth below.

### SECOND CLAIM FOR RELIEF
#### (Avoidance of Fraudulent Transfers 11 U.S.C. § 548)

15.     Plaintiff realleges each and every allegation set forth above, as though fully set forth herein.

16.     Within one year prior to the Petition Date, the Debtor transferred funds in amounts of at least $265,422.07 to Defendant.

17.     Upon information and belief, the transfers to Defendant were made with the actual intent to hinder, delay, and defraud the creditors of the estate.

18.     Upon information and belief, the transfers to Defendant were made without the Debtor receiving reasonably equivalent value in exchange for the transfers.

19.     Upon information and belief, the transfers were made while the Debtor was insolvent; or the Debtor became insolvent as a result of the transfers; or the Debtor was engaged in business or a transaction for which any property remaining with the Debtor was an unreasonably small capital; or the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

WHEREFORE Plaintiff seeks relief as set forth below.

### THIRD CLAIM FOR RELIEF
#### (Fraudulent Conveyance 11 U.S.C. § 544; Cal. Civ. Code § 3439.04)

20.     Plaintiff incorporates by reference each and every allegation above as though fully set forth herein.

21.     Within four years prior to the Petition Date, the Debtor transferred funds in amounts of at least $954,488.19 and other sums according to proof to Defendant.

22.     The transfers were made with actual intent to hinder, delay and/or defraud the Debtor's creditors.

23.     The transfers were made without the Debtor receiving reasonably equivalent value in exchange for the transfers.

24.     The transfer were made while the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in

1    relation to the business or transaction.

2        25.    The Debtor made the transfers when he intended to incur, or believed or

3    reasonably should have believed that he would incur, debts beyond his ability to pay as they

4    became due.

5        WHEREFORE Plaintiff seeks relief as set forth below.

6                            **FOURTH CLAIM FOR RELIEF**
                **(Fraudulent Conveyance 11 U.S.C. § 544; Cal. Civ. Code § 3439.05)**
7

8        26.    Plaintiff incorporates by reference each and every allegation above as though fully

9    set forth herein.

10       27.    The transfers in the amount of $954,488.19 and other sums according to proof

11   were made without the Debtor receiving reasonably equivalent value in exchange for the transfers.

12       28.    The Debtor was insolvent at the time of the transfers.

13       29.    The Debtor became insolvent as a result of the transfers.

14       WHEREFORE Plaintiff seeks relief as set forth below.

15                            **FIFTH CLAIM FOR RELIEF**
                    **(Recovery of Money, 11 U.S.C. § 550)**
16

17       30.    Plaintiff incorporates by reference each and every allegation above as though fully

     set forth herein.
18
         31.    Pursuant to 11 U.S.C. § 550(a), to the extent a transfer is avoided under 11 U.S.C.
19
     § 544, 547 and 548, Plaintiff may recover, for the benefit of the estate, the property or the value of
20
     the property from the entity to whom the transfer was made.
21
         WHEREFORE Plaintiff seeks relief as set forth below.
22

23                            **SIXTH CLAIM FOR RELIEF**
            **(For California Corporations Code Statutory Liability; Unlawful Distributions)**
24
         32.    Plaintiff realleges the allegations set forth in the paragraphs above, as though fully
25
     set forth herein.
26
         33.    The Plaintiff is informed and believes that Defendant who was a partner of Debtor,
27
     or otherwise controlled Debtor, violated his duties to Debtor and its creditors by taking for
28

himself, distributions in the amount of at least $954,488.19 and other sums according to proof without consideration.

34.    The Plaintiff is informed and believes that after giving effect to the distributions to the Defendant, the Debtor would not be able to pay its debts as they became due in the usual course of business.

35.    The Plaintiff is informed and believes that after giving effect to the distributions to the Defendant, the Debtor's total assets would be less than the sum of its total liabilities plus the amount that would be needed, if the registered limited liability partnership were to be dissolved at the time of the distribution, to satisfy the preferential rights of other partners upon dissolution that are superior to the rights of the partners receiving the distribution.

36.    At the times of the distributions there existed and currently exists at least one unsecured creditor which could have attacked the distributions under California law.

WHEREFORE, Plaintiff requests relief as set forth below.

### SEVENTH CLAIM FOR RELIEF
#### (Objection to Claim - 11 U.S.C. Sec. 502(d))

37.    Plaintiff incorporates by reference each and every allegation in the paragraphs above, as though fully set forth herein.

38.    In the event that Defendant has filed or shall file a proof of claim or proofs of claim herein, each and every claim of Defendant should be disallowed on the grounds that he has not surrendered the transfers described above or the value of the transfers, which transfers are avoidable under one of the above-stated causes of action; but without limitation as to any and all other grounds of disallowance not known to Plaintiff at this time but that may be established according to proof.

WHEREFORE Plaintiff requests relief as set forth below.

### PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For a judgment against Defendant in the amount of at least $954,844.14 and other sums according to proof, including interest at a rate of 10% from the date of the transfers and/or

1 | distributions;

2 |     2.     For judgment avoiding the transfers to Defendant, and preserving any claims

3 | thereto for the benefit of the bankruptcy estate;

4 |     3.     For disallowance of any and all of Defendant's claims herein until and unless the

5 | amount of all transfers, distributions and interest accruals thereon have been timely surrendered to

6 | the Plaintiff according to statute and rule;

7 |     4.     For prejudgment interest from the date of the transfers and/or distributions;

8 |     5.     For post-judgment interest;

9 |     6.     For costs incurred; and

10 |     7.     For such other and further relief as this Court deems just and proper.

11 |

12 | DATED:     This 17th day of November, 2006.

13 |                  STROMSHEIM & ASSOCIATES

14 |

15 |                       /s/Elizabeth Murphy

16 |              ELIZABETH MURPHY
             Attorneys for Plaintiff,
             JOHN T. KENDALL, Trustee

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|---|

| PLAINTIFF<br>JOHN T. KENDALL, Trustee | DEFENDANT<br>STEPHEN M. MOSKOWITZ |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>STROMSHEIM & ASSOCIATES<br>201 California Street, Suite 350<br>San Francisco, CA  94111        (415) 989-4100 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>___ Debtor       ___ U.S. Trustee/Bankruptcy Admin<br>___ Creditor     ___ Other<br>_X_ Trustee | PARTY (Check One Box Only)<br>___ Debtor       ___ U.S. Trustee/Bankruptcy Admin<br>___ Creditor     _X_ Other<br>___ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS AND/OR FRAUDULENT TRANSFERS, UNLAWFUL DISTRIBUTIONS AND DISALLOWANCE OF CLAIM**

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

FRBP 7001(1) - Recovery of Money/Property
___ 11-Recovery of money/property - §542 turnover of property
_X_ 12-Recovery of money/property - §547 preference
_X_ 13-Recovery of money/property - §548 fraudulent transfer
___ 14-Recovery of money/property - other

FRBP 7001(2) - Validity, Priority or Extent of Lien
___ 21-Validity, priority or extent of lien or other interest in property

FRBP 7001(3) - Approval of Sale of Property
___ 31-Approval of sale of property of estate and of a co-owner - §363(h)

FRBP 7001(4) - Objection/Revocation of Discharge
___ 41-Objection / revocation of discharge - §727(c),(d),(e)

FRBP 7001(5) - Revocation of Confirmation
___ 51-Revocation of confirmation

FRBP 7001(6) - Dischargeability
___ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
___ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
___ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
        **(continued next column)**

FRBP 7001(6) - Dischargeability (continued)
___ 61-Dischargeability - §523(a)(5), domestic support
___ 68-Dischargeability - §523(a)(6), willful and malicious injury
___ 63-Dischargeability - §523(a)(8), student loan
___ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support
___ 65-Dischargeability - other

FRBP 7001(7) - Injunctive Relief
___ 71-Injunctive relief - reinstatement of stay
___ 72-Injunctive relief - other

FRBP 7001(8) Subordination of Claim or Interest
___ 81-Subordination of claim or interest

FRBP 7001(9) Declaratory Judgment
___ 91-Declaratory judgment

FRBP 7001(10) Determination of Removed Action
___ 01-Determination of removed claim or cause

Other
___ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
___ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ___ Check if this case involves a substantive issue of state law | | ___ Check if this is asserted to be a class action under FRCP 23 |
|---|---|---|
| ___ Check if a jury trial is demanded in complaint | Demand $ 954,844.14 | Other Relief Sought |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>Moskowitz & Nixdorf, LLP<br>fdba Law Offices of Stephen M. Moskowitz,<br>LLP; Moskowitz, Nixdorf and Barnhart, LLP;<br>Nixdorf & Associates, LLP | BANKRUPTCY CASE NO. 04-46921 NK | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>NORTHERN | DIVISIONAL OFFICE<br>OAKLAND | NAME OF JUDGE<br>RANDALL J. NEWSOME |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/  Elizabeth Murphy | |
|---|---|
| DATE<br>November 20, 2006 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Elizabeth Murphy |

# UNI    D STATES BANKRUPTCY CL    RT
## NORTHERN DISTRICT OF CALIFORNIA

In re

| | | |
|---|---|---|
| MOSKOWITZ & NIXDORF, LLP<br>fdba Law Offices of Stephen M. Moskowitz,<br>LLP; Moskowitz, Nixdorf and Barnhart, LLP;<br>Nixdorf & Associates, LLP | Debtor | Bankruptcy Case No. 04-46921 NK |
| | | Chapter 7 |
| JOHN T. KENDALL, Trustee, | Plaintiff | Adversary Proceeding No. |
| v. | | |
| STEPHEN M. MOSKOWITZ | Defendant | |

## SUMMONS AND NOTICE OF STATUS CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| Address of Clerk | U.S. Bankruptcy Court<br>P.O. Box 2070<br>Oakland, CA 94604 |
|---|---|

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney |
|---|
| Elizabeth Murphy<br>Stromsheim & Associates<br>201 California Street, Suite 350<br>San Francisco, CA 94111 |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a status conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Address | United States Bankruptcy Court<br>1300 Clay Street, 2nd Fl.<br>Oakland, CA 94612 | Room | |
|---|---|---|---|
| | | Date and Time | |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT. PLAINTIFF SHALL PROMPTLY SERVE A COPY OF THE BANKRUPTCY DISPUTE RESOLUTION PROGRAM INFORMATION SHEET ON ALL PARTIES. A COPY OF THE INFORMATION SHEET IS AVAILABLE ON THE COURT'S WEB SITE AT WWW.CANB.USCOURTS.GOV, AND AT THE CLERK'S OFFICE.**

_____

Clerk of the Bankruptcy Court

_____         By:_____
Date                                          Deputy Clerk